Lyons J.
The great objection is, that the action is founded on a record, which is not stated in the declaration; can any case be produced where a judgment upon such a declaration has been sustained?
Campbell. — Wherever indebitatus assumpsit is *227 brought, even upon a foreign judgment, the judgment is set forth in the declaration. Crawford v. Whittall, Doug. 4, n.
Wickham. — I contend that a general indebitatus assumpsit is always in the same form. The case cited by Mr. Campbell is not of an action for money had and received; the judgment is no evidence of money received to the use of the plaintiff.
I admit that if a record be the ground of the action, it must be declared upon; but it is otherwise if it be but inducement. In this case the receipt of the money fo tt "5 the gist of the action, and that is a thing in pais»
Campbell. — If the cause of the action grows out of a record, it must be stated; if it be necessary to state it, it cannot be avoided by changing the form of action, 1 Esp. 238» Action of debt lies against the Sheriff, if he return that he has levied the money, for it is matter of record, Palm. 148. If the money be levied upon a fierifacias, and the writ be returned, the Sheriff cannot plead nil debet, for the return is matter of record, and not of fact, 1 Esp. 270; the return itself is sufficient to charge the Sheriff, without other evidence. These cases shew, that the return, which is a matter of record, forms the gist of the action, and that the receipt is but inducement.
Indebitatus assumpsit is not always general; the declaration not only does, but in many cases ought to contain a specification of the charge. The case of Crawford v. Whittall proves this; and if it were necessary to be special in an action founded on a foreign judgment, the argument is a fortiori, in the case of a judgment rendered in our ov n Courts.
Wickham. — The plaintiff might have recovered in this action, merely upon proving the receipt of the money by virtue of the execution, though the writ had not been returned; and if so, it follows necessarily that the receipt is the ground of the action.
The case from Espin. 270, only show's, that if the plaintiff in the declaration sets forth the return of the execution, the Sheriff is estopped to deny the receipt *228 acknowledged on record; but it does not prove that the return must be set forth.
I admit that declarations of indebitatus asumpsit generally, are as various in their forms as declarations i debt; but indebitatus assumpsit for money had and received. admits but of one form. The case of Crawford v. Whittall was not an indebitatus assumpsit for money had and received ; such an action would have been improper, as the judgment was not evidence of money received by the defendant.
Roane J. — The declaration is this action containing a general count for money had and received, seems at first view to be a novelty, when used in a case like the present. On an examination and search into precedents, none have been found, which can warrant so general a declaration as this, in an action against a Sheriff for money levied by his Deputy upon an execution.
There is no doubt, but that the receipt of the Deputy is sufficient to charge the Sheriff, and that it is to be considered in law, as if the money had been actually received by the Sheriff; but the question with me is, whether a general count for money had and received is a proper form of action in which to try the point, or whether the declaration should not have set out the particular grounds of the assumpsit? Such a specification would not vary the action; it would still remain an action of indebitatus assumpsit, founded upon a general implied promise, though the particular grounds on which such promise arose, would be set out, and a recovery in that case might be pleaded in bar of an action of debt for' the same cause. Such a specification would not convert the action into an assumpsit upon a special undertaking. Thus, in the case of Crawford v. Whittall, the action was indebitatus assumpsit upon an implied promise, and yet a foreign judgment was set out as the ground of the promise ; many instances similar to this might be mentioned, if it were necessary. The utmost that the books say upon this subject is, that indebitatus as *229 sumpsit will lie against a Sheriff for money levied on ¿.fieri facias.
Until Slade’s Case, a notion prevailed, that on a simple contract for a sum certain, an adtion of assumpsit would not lie, and' the decision in the above case goes to a denial of that opinion; but this does not bind us to sustain a general count fór money had and received, in a case like the present, of which I find no precedent;
Great encomiums have been passed upon the action for money had and received, by able Judges; but I am satisfied, that the generality of the count in that action may often tend to surprise a defendant; I shall therefore not incline to extend it beyond the limits within which it is now confined. |
If the Sheriff in this case, had been sued for the same cause in an action of debt, the,,return and proceedings must have been set out; if an action had been brought upon his bond of office, the particular charges would have been specified in the assignment of breaches: if a motion had been male against him for the money, the notice must have particularised the charge. Why then shall we not restrain the plain>tiff to a mode of declaring, which is always in his power, which is equally as favourable to him, and more so to the defendant than the present, and is analogous, (as it respects notice of the ground of complaint,) to the above mentioned modes of proceeding?
However conusant a man in his private character is supposed to be of his own transactions, and of those of his agents, it appears to me reasonable, that a public officer should have notice, when lie is charged in his official character, of the nature of that charge. In this country, the Deputy Sheriffs ate competent to most of the duties of the office, without the co-operation, or sanction of their principles; It is therefore highly reasonable, that the Sheriff should be previously notified of the particular acts of his Deputy, for which he is to be made responsible.
Being of opinion that this Court has the power (which has been heretofore beneficially exercised by Courts *230 of Law,) to mould and fashion declarations and pleadings, so as to answer more effectually the ends for which they werefinvented, and there being no series of decisions, (if a single one,) sustaining a general count in cases like the present, I must say, that I think this declaration insufficient upon the evidence exhibited in the cause, and appearing in the record ; that the judgment of the District Court, revel sing that of the County Ceurt on account of the generality of the declaration, U right, and as far as it goes should be affirmed. But a new trial ought to have been awarded, with liberty to the plaintiff to give such testimony as might correspond with, and support the declaration. The judgment of the District Court ought therefore to be reversed and remanded, with a direction to award a new trial, with such directions as above-mentioned, and not to allow the evidence which was excepted fo, to go to the jury.
Fleming —There is no doubt, but that indebitatus assumpsit will lie against the High Sheriff in a case like the present, and if the particular grounds of the charge had been specified in this declaration, it would in my ¿pinion have been unobjectionable.
. The action on the case for money had and receivC ed is a beneficial remedy, and may loe rendered more so by restraining it within proper limits. But it would defeat the great object of pleading, if we were to countenance this action in the latitude contended for. The case should be truly and fairly stated, that the defendant may not be surprised at the trial by a want of no-; tice of the real cause of action, and also that he may be enabled to plead the judgment in that action, in bar of any other suit, which might be brought against him for the same cause.
The defendant is the executor of the Sheriff, and is called upon to answer for the acts of the Deputy; how is it possible that he could, from this declaration, acquire information respecting a transaction, to which we must suppose him so entirely a stranger ? If the case had been properly stated, he might have defend *231 ed himself by shewing there was no such record. If the Sheriff be obliged to answer for the misconduct of his Deputy, he ought to be enabfád to recover over against the Deputy, and to shew upon the record, on what account the judgment against him had been rendered ; this could not have been done in the present case.
That indebitatus assumpsit will lie ^gainst the Sheriff’ for money received by his Deputy'upon an execution, is not denied; but the declaration may properly contain a specification of the charge, and in my opinion ought to do so. The case of Woodford v. Deacon, Cro. Jac. 206, is not so strong as this, and yet judgment was reversed on account of the generality of the declaration. Upon the whole, I concur with the Judge who has preceded me, in the judgment which this Court ought to render.
Lyons J. — That this is a beneficial action to both parties, seems to be agreed by every one. It is also agreed, that an action of indebitatus assumpsit will lie against a Sheriff, to recover money received upon an execution by his Deputy. But unless the form of the action in such a case be laid under certain'restrictions, 'ifr would very illy merit the encomiums which have been passed upon it.
The great object of pleading is, to apprise the opposite party of the real subject of dispute ; without it, they may be entrapped at the trial, and real injustice may be produced.
, I can find no precedent in England, or in this country, to warrant so general a declaration as the present. It is true, that the reported cases do not furnish us with the forms of the pleadings ; but it is to be inferred from them, that the declarations in cases of this sort were special. In the case of Woodford v. Deacon, Cro. Jac. 206, it appears, that the practice had been to declare generally ; but the Court in that case corrected it, assigning as a reason, that the declaration did not shew- fur hat cause the action grew due.
Being unshackled by precedents, I consider the *232 Court as at perfect liberty to modify this action, so as to promote the great object of pleading. I do not say' that the declaration should contain a special state of •the case ; but the defendant should have been apprised that he was sued for money received in his official capacity.
The following opinion was entered, viz.
“ This Court being of opinion, that in all actions against Sheriffs hr money had and received by them, by virtue of their office, the nature of the debt or demand should be ¡o far stated.in the declaration, as to distinguish themfrom private debts and contracts, in order to prevent surprise, bv giving notice to the defendants of the causes of action, that they may be ready to answer [he same, and the plaintiffs not having stated in the declaration filed in this suit, that the money had and received by the defendant’s testator was so received by him by virtue of any execution or of his office of Sheriff, there is error in the judgment of the County Court, in the Court’s allowing the copies of the records in the proceedings mentioned to go as evidence to the jury ; and that there is no error in the judgment of the District Court reversing the. judgment oí the said County Court on that account, but that there is error in the judgment of the said District Court, in not setting aside the verdict in the said County Court, and awarding a new trial in the said cause, with directions not to permit the copies aforesaid to go as evidence to the jury, therefore,” &c.
Both judgments reversed and a new trial awarded, &c.([1])

(1) Chichester v. Vass, 1 Call, 99. Isom v. Johns, 2 Munf. 272,